# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

--------------------------------------------------------------X

DENISE MAHANIAN,

                            Plaintiff,

                 -against-

PROCARD SOLUTIONS LLC and
DAVID SCHWARTZ, in his individual capacity,

                        Defendants.

--------------------------------------------------------------X

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Denise Manahian ("Mahanian" or "Plaintiff") alleges against Defendants

ProCard Solutions LLC ("ProCard" or "Company") and David Schwartz ("Schwartz")

(collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. On its website (www.procardsolutions.com), ProCard claims that it "is uniquely owned and managed by a combination of electronic payment industry experts, with substantial knowledge and widespread experience." Unfortunately, the purported 'substantial knowledge and widespread experience' does not apply to sexual harassment and retaliation in the workplace. In fact, ProCard's employment practices are stuck generations in the past, where employees such as Mahanian are permitted to be sexually harassed by the Company CEO - Schwartz, and then terminated within mere weeks of formally complaining of sexual harassment.

2. Thankfully, the Federal and New Jersey State anti-discrimination and anti-retaliation laws are intended to afford women the same rights as any other employee, and provide females with the dignity and respect they deserve in the workplace. As such, this is an

action for declaratory, injunctive and monetary relief to redress Defendants' unlawful employment practices, including unlawful discrimination and retaliation committed against the Plaintiff.  The unlawful discrimination, hostile work environment and retaliation described herein was committed in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A §§ 10:5-1 et seq. ("LAD").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims under Title VII pursuant to 28 U.S.C. § 1331 and 1343, because those claims arise under the laws of the United States.  This Court has supplemental subject matter jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

5. Plaintiff duly filed a Charge of Discrimination (No. 520-2017-02764) with the United States Equal Employment Opportunity Commission ("EEOC") on or about July 6, 2017.

6. The EEOC sent a Notice of Right to Sue to Plaintiff on November 20, 2017 (annexed hereto as Exhibit A).

7. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8. Plaintiff Denise Mahanian ("Mahanian" or "Plaintiff") is a female individual who is a resident of Bergen County in the State of New Jersey.

9.  Defendant ProCard Solutions LLC ("ProCard") was and is a limited liability company organized and existing under the laws of the State of New Jersey.

10. ProCard was and is located at 201 W Passaic Street, Suite 102, Rochelle Park NJ 07662.

11. ProCard "provides a full range of credit and debit card processing services for E-Commerce, financial institutions, government agencies, municipalities, non-profit organizations and traditional retailers throughout the country."

12. That at all times herein relevant, David Schwartz ("Schwartz") was and is a resident of the State of New Jersey.

13. That at all times herein relevant, Schwartz was a ProCard employee.

14. That at all times herein relevant, Schwartz was Chief Executive Office ("CEO") of ProCard.

15. That at all times herein relevant, Schwartz worked for ProCard at 201 W Passaic Street, Suite 102, Rochelle Park NJ 07762.

16. Botwinick & Company ("Botwinick") was and is a foreign professional service limited liability company organized and existing under the laws of the State of New Jersey.

17. Botwinick was and is located at 201 W Passaic Street, Suite 200, Rochelle Park NJ 07662.

18. That at all times herein relevant, ProCard was and is an affiliated company of Botwinick.

## FACTUAL ALLEGATIONS

19. On or about October 17, 2016, Mahanian commenced employment with ProCard.

20. Mahanian was hired to work in a sales capacity.

21. Mahanian worked for the Defendants at 201 W Passaic Street, Suite 102, Rochelle Park NJ 07662.

22. Mahanian earned $14.00 per hour plus commission.

23. That at all times herein relevant, Schwartz was Mahanian's immediate supervisor.

24. In that role, Schwartz had authority to assign Mahanian tasks, control her schedule, discipline her, hire her, and terminate her employment.

<u>Sexual Harassment and Hostile Work Environment</u>

25. Mahanian had contact with Schwartz on a daily basis; at various times throughout the day, Schwartz would sexually harass Mahanian.

26. By way of example, Schwartz told Mahanian, "You're so cute."

27. Schwartz would also tell Mahanian, "You're so adorable."

28. Further, Schwartz told Mahanian, "You look so lovely."

29. Schwartz continued sexually harassing Mahanian by telling her, "You look so pretty."

30. Mahanian found Schwartz's unwanted comments highly offensive for the workplace.

31. Nonetheless, Schwartz persisted, telling Mahanian, "O my god, you are so young.  You look so good."

32. Schwartz also expressed to Mahanian, "Did you change your hair?  It looks so lovely, so beautiful."

33. Schwartz escalated his sexual harassment with time, especially when he started to discuss his wife and Mahanian's husband.  For instance, Schwartz told Mahanian, "My wife is a spoiled JAP" and "You're so sensitive.  I wonder how it works out at home with your husband.  Your poor husband."

34. Additionally, when Mahanian would leave work for the day (usually around 1:30 p.m.), Schwartz would often say (in a baby voice), "Aww, you have to leave.  I don't want you to leave.  I'm going to miss you."

4

35. Schwartz would also say to Mahanian, "The days go so fast when you're here.  Don't leave.  Do you have to leave?"

36. On other occasions, Schwartz would, without invitation, pry into Mahanian's personal life.  By way of example, Schwartz would often ask, "How is everything at home?"

37. Schwartz would also say, "I wonder how your husband handles you at home" and "I wonder what that relationship is like."

38. Mahanian found Schwartz's comments offensive and highly inappropriate for the workplace.

39. On or about March 21, 2017, Schwartz told Mahanian in his office that he wanted to give her additional job responsibilities besides phone work.  Specifically, Schwartz told Mahanian that there were other duties and tasks for her to do.

40. In response, Mahanian told Schwartz, "Sure, Dave whatever you need."  Schwartz then said, "Great attitude."

41. Later in the day, Schwartz repeated his praise for Mahanian's job performance to Sandy (last name currently unknown) – ProCard head saleswoman.

42. On or about March 22, 2017, Schwartz handed Mahanian a Victoria's Secret catalogue, and Schwartz asked Mahanian, "Do you need any underwear?"

43. Mahanian was shocked by the behavior of her immediate supervisor and told Schwartz, that his actions and comments were "inappropriate."

Retaliation

44. Unable to endure the sexual harassment and hostile work environment any further, on or about April 6, 2017, Mahanian mustered the courage to email Schwartz a formal complaint of sexual harassment.

45. In the email, Mahanian wrote, "I wanted to mention one thing that I was uncomfortable talking to you about in person.  It has been on my mind since it happened.  A couple of weeks ago when you handed me the Victoria's Secret pamphlet and asked me if I needed underwear it made me very uncomfortable.  I am hoping going forward you can be mindful of these kind of comments."

46. In response (also on April 6, 2017), Schwartz admitted his wrongdoing and apologized, writing in-part, "I deeply apologize if it created an uncomfortable situation."

47. Unfortunately, the sexual harassment Mahanian faced did not stop following her complaint.  Following Schwartz's admission of wrongdoing, Schwartz told Mahanian, "You look so pretty today" and "Did you change your hair?"

48. On or about April 26, 2017, Defendants terminated Mahanian's employment.

49. At the termination meeting, Schwartz told Mahanian that her working at the Company was not going the way he had planned and "I know you feel it too."

50. Mahanian was terminated within just three weeks of formally complaining of sexual harassment, and the same week Schwartz returned from vacation.

51. A causal connection exists between Mahanian's complaint of sexual harassment and her termination.

52. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

53. As a result of the Defendants actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

54. As a result of the Defendants actions, Plaintiff has suffered economic loss.

55. As a result of the Defendants actions, Plaintiff suffered severe emotional distress.

56. As Defendants conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of LAD)**

57. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

58. By the actions described above, among others, Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by subjecting Plaintiff to sexual harassment and discriminating against the Plaintiff because of her gender / sex.

59. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**SECOND CAUSE OF ACTION**
**(Hostile Work Environment in Violation of LAD)**

60. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

61. By the actions described above, among others, Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by subjecting Plaintiff to a hostile work environment because of her gender / sex.

62. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### THIRD CAUSE OF ACTION
**(Retaliation in Violation of LAD)**

63. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

64. By the actions described above, among others, Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., by retaliating against Plaintiff for her complaint of sexual harassment and discrimination.

65. Defendants engaged in unlawful employment practices prohibited by the New Jersey Law Against Discrimination by retaliating against Plaintiff as a result of Plaintiff's opposition to the Defendants' unlawful employment practices.

66. As a direct and proximate result of Defendant's unlawful and retaliatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
**(Discrimination in Violation of Title VII)**

67. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

68. By the actions described above, among others, Defendants have discriminated against Plaintiff because of her gender / sex, in violation of Title VII.

69. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of Title VII)

70. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

71. By the actions described above, among others, Defendants have discriminated against Plaintiff and created a hostile work environment because of her gender / sex, in violation of Title VII.

72. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

73. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

74. By the actions described above, among others, Defendants have retaliated against Plaintiff by, *inter alia*, terminating her in violation of Title VII for engaging in protected activity.

75. As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B.  An injunction and order permanently removing and clearing information to the contrary contained in Plaintiff's employee file and restraining Defendants from engaging in such unlawful conduct;

C.  An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for the loss of benefits, promotions, raises and opportunities;

F.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional and psychological pain and suffering, emotional and psychological distress and the physical manifestations caused;

G.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff the harm to her professional and personal reputation and loss of career fulfillment;

H.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

I.  An award of punitive damages;

J.  An award of costs and attorneys' fees pursuant to applicable law; and

K.  An award of such other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 28, 2017
         New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

By: */s/ Robert. D. Salaman*
_____
    Robert D. Salaman

45 Broadway, Suite 1420
New York, NY 10006
Telephone:  (212) 825-1400
Facsimile:  (212) 825-1440
rob@akinlaws.com

*Counsel for Plaintiff*

11